IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STASCIA D. PALMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-623-WKW-CWB |
| | ) |
| JACKSON SCLH, INC. and | ) |
| SUSIE B. JACKSON, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Stascia D. Palmore ("Plaintiff") filed this action on September 17, 2021 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). The Magistrate Judge in turn granted Plaintiff's request for *in forma pauperis* status and directed that service of process be deferred pending threshold review under 28 U.S.C. § 1915(e). (Doc. 5). As part of the review process, the Magistrate Judge ordered Plaintiff to show cause by December 21, 2022 as to why the Complaint should not be dismissed in its entirety. (Doc. 7). Plaintiff specifically was directed to inform the court regarding the disposition of her Charge of Discrimination with the EEOC (including the date of such disposition) and to address whether any basis would exist for establishing subject matter jurisdiction in the absence of a viable Title VII claim. (*Id*. at p. 3). Plaintiff additionally was cautioned that "[f]ailure to comply with this Order will result in a recommendation of dismissal." (*Id*.) (emphasis in original). Because Plaintiff has failed to comply with the Order to Show Cause, and for the reasons set forth herein, the Magistrate Judge now recommends that this action be dismissed.

1

**I.      Summary of Allegations**

The Complaint alleges that Plaintiff was employed by Jackson SCLH, Inc. until being terminated on the basis of her sexual orientation. (Doc. 1 at ¶ 5). Although the Complaint does not specifically refer to Title VII when purporting to state Plaintiff's claim, attached as an exhibit to the Complaint was a formal Charge of Discrimination that appears to have been filed with the EEOC on July 11, 2021. (Doc. 1-1). The Charge of Discrimination contains the same core allegation that Plaintiff "was discriminated against because of [her] sex, female, and sexual orientation/identity." (*Id.*). The Charge of Discrimination further alleges that Jackson "was not paid the same wages as [her] male counterpart." (*Id.*).

In addition to naming Jackson SCLH, Inc. as a defendant in the Complaint, Plaintiff also named Susie B. Jackson. (Doc. 1). According to the Charge of Discrimination, Ms. Jackson at all relevant times was "owner" of Jackson SCLH, Inc. and personally made the decision to terminate Plaintiff's employment. (Doc. 1-1).

**II.     Legal Standard**

Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[1] or malicious, (ii) fails to state a claim on which relief may be granted;[2] or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1]   A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[2]   Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

**III.    Discussion**

It is well settled that plaintiffs asserting claims under Title VII for discrimination must exhaust their administrative remedies before being permitted to pursue a civil action. *See, e.g., Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). To exhaust those remedies, a plaintiff first must file a charge of discrimination with the EEOC within 180 days after the improper employment action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir. 2017) ("Alabama is a non-deferral state. For a charge to be timely in non-deferral states, it must be filed within 180 days of the last discriminatory act.") (internal citations omitted).[3] A related civil action can be brought in a judicial forum only after the EEOC has notified the plaintiff of its administrative determination. 42 U.S.C. § 2000e-5(f)(1); *Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906 (11th Cir. 2010) ("'Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge.'") (quoting *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir.1996) (citation omitted) (cleaned up)). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance

---

is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

[3] "In 'deferral' states—those states that have an EEOC-like state administrative agency—a charge of discrimination must first be filed with the state agency, and the filing period is extended to 300 days." *Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 n.13 (11th Cir. 2005), *aff'd*, 550 U.S. 618 (2007), *overturned due to legislative action* (Jan. 29, 2009).

and promoting conciliation efforts.'"  *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted and alteration in original).

The burden falls upon a plaintiff to allege that all such prerequisites have been satisfied. *See, e.g., Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) ("[A] plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'") (citing Fed. R. Civ. P. 9(c)); *Burnett*, 376 F. App'x at 907 (affirming dismissal of *pro se* complaint where plaintiff "did not generally allege that she exhausted her administrative remedies" and specifically noting that the "complaint did not allege that she filed a complaint with the EEOC or that she was issued a right-to-sue letter prior to filing the instant lawsuit.").  Although the exhibit attached to the Complaint does suggest here that Plaintiff timely submitted a Charge of Discrimination to the EEOC on July 11, 2021, there is no averment in the Complaint that the EEOC had completed its investigation or issued a right-to-sue letter at the time this action was filed.  Nor did Plaintiff submit any information regarding the EEOC's disposition as directed in the Order to Show Cause.  For all that appears in the record, the Complaint could have been filed before resolution of the EEOC investigative process—which may or may not continue to remain pending.

**IV.     Conclusion**

For the reasons stated above, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

It is hereby ORDERED that any objections to this Recommendation be filed no later than January 18, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 4th day of January 2023.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**